# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| Troy Webster, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| vs. | ) | |
| | ) | |
| Benuck & Rainey, Inc., | ) | **COMPLAINT WITH** |
| | ) | **JURY TRIAL DEMAND** |
| Defendant | ) | |
| | ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

## PARTIES

1. Plaintiff, Troy Webster, is a natural person who resides in Clayton County, Georgia.

2. Defendant, Benuck & Rainey, Inc., is a corporation headquartered in New Hampshire. It does business, but is not registered, in Georgia. Defendant may

be served with process via its President, Nancy Rainey, 25 Concord Road, Lee, New Hampshire, 03861.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Venue is proper in the Atlanta Division because the conduct complained of herein occurred in Clayton County which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is a 47-year-old man with deteriorating health. He is disabled, unable to engage in competitive employment, and is in the process of obtaining disability insurance benefits through the Social Security Administration.

8. Plaintiff is allegedly obligated to pay a consumer debt arising out of medical services and equipment and is, therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant is a collection agency specializing in the collection of consumer debt.

10. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

11. The Defendant holds itself out on its website as a "… team of collection professionals …. trusted by companies throughout the U.S. to recover and increase their receivables. www.bnuckrainey.com

12. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

13. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. As a result of his disability, the Plaintiff had been unable to maintain employment. As a result, he has fallen behind on a number of consumer accounts, mostly medical services.

15. The Plaintiff has been receiving contact from the Defendant regarding the collection of a medical services invoice.

16. On December 9th, 2021, the Plaintiff caused to be sent to the Defendant, a letter referencing the account in collection and providing his own identifying information. Plaintiff's letter advised the Defendant that he "will not be paying on this account." A reproduction of the Plaintiff's letter appears below:

December 9, 2021

Troy Webster

Fairburn, GA 30213

Benuck & Rainey
25 Concord Rd
Lee, NH 03861

Referencing Account: Breg $31
SSN: ▮▮▮-3898

I have been contacted about the account that I had with Breg. This is not the only debt I have unfortunately. I have had inconsistent income and will not be paying on this account. I have had interruptions in my income and I have had to deal with other personal difficulties.

Thank you,

*Troy Webster*

17. Per the United States Postal Service, the Plaintiff's letter was delivered to the Defendant on December 20th, 2021, at 11:27 a.m. Proof of delivery as accessed from the tracking website maintained by the United States Postal Service is reproduced below:

**USPS Tracking**®

FAQs >

Track Another Package +

**Tracking Number:** 9171969009350272602763

Remove ✕

Your item was delivered to an individual at the address at 11:27 am on December 20, 2021 in LEE, NH 03861.

USPS Tracking Plus™ Available ⌄

✓ **Delivered, Left with Individual**

December 20, 2021 at 11:27 am
LEE, NH 03861

Feedback

    18.    The Fair Debt Collection Practices Act provides an indisputable means by which a consumer may discontinue most communications from a collector, thereby preserving their peace.  15 U.S.C. § 1692c.

    19.    The act states specifically, "If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt, or if the consumer wishes the debt collector to cease their communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt.  15 U.S.C. § 1692c(c).

20. The statute further provides three exceptions related to future communications that include the debt collector advising the consumer that further efforts are being terminated, that the collector may invoke specified remedies which are ordinarily invoked by such a debt collector, or that the debt collector intends to invoke a specified remedy.

21. Plaintiff's statement that she will not be making a payment on the account was a refusal to pay the account.

22. Plaintiff's written correspondence was sent to Defendants with the intention that Defendants cease contacting Plaintiff about the debt.

23. The FDCPA does not require Plaintiff's refusal to pay to be unconditional, nor does it require that Plaintiff's wish to be left alone be stated in the most general terms. *See Barnes v. Seterus, Inc.*, 2013 U.S. Dist. LEXIS 180418, at *4-5 (S.D. Fla. Dec. 26, 2013).

24. The ordinary meaning of refuse does not encompass an unalterable rejection and the FDCPA does not require that the consumer use any specific language or magic words to tell a debt collector to cease communication. *Bishop v. I.C. Systems, Inc.*, 713 F. Supp. 2d 1361, 1367-68 (M.D. Fla. 2010).

25. Notwithstanding the written notice provided to the Defendant described herein, Defendant continued to contact the Plaintiff, specifically, on January 4th,

2022, the Defendant caused to be sent to the Plaintiff yet another collection letter for the same account referenced in Plaintiff's notice that he would not be making payments on this account. The letter from the Defendant is reproduced below:

> Benuck & Rainey, Inc.
> 25 Concord Road
> Lee, NH 03861
> 888.697.5566
>
> January 4, 2022
>
> Webster, Troy
> [REDACTED]
> [REDACTED]
>
> CREDITOR ................: Breg, Inc.
> ACCOUNT# ................: 2526423
> CLIENT ACCOUNT# .: 4557560
> BALANCE ..................: $31.00
> North Carolina Permit #4511
>
> Dear Troy Webster ,
>
> Enclosed is the documentation you requested.
>
> Please remit your check for the balance in full, to the address above. Payment is also accepted on our secure website, www.paybenuckrainey.com. If you are unable to do so, please contact this office so that other arrangements may be made.
>
> Yours Truly,
>
> Benuck & Rainey, Inc.
>
> Monday-Tuesday: 8am-5pm eastern
> Wednesday-Thursday: 8am-7pm eastern
> Friday: 8am-4:30pm eastern
>
> **This is an attempt to collect a debt. Any information obtained will be used for that purpose. Please note this communication is from a debt collector.**

26. Defendant's letter does not advise the Plaintiff that further collection efforts are being terminated.

27. Defendant's letter does not advise the Plaintiff that either Defendant or Breg are invoking specified remedies which are ordinarily invoked by Defendant or Breg.

28. Defendant's letter does not advise the Plaintiff that either Defendant or Breg intends to invoke a specified remedy.

29. Defendant's letter is not subject to the exceptions described in 15 U.S.C. § 1692c(c)(1), (2), or (3).

## INJURIES-IN-FACT

30. Defendants acts and omissions caused particularized harm to the Plaintiff in that the continuing communication despite Plaintiff invoking his right to be free of such.

## DAMAGES

31. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to unfair debt collection practices;

b.) Uncompensated time expended away from activities of daily living, to confer with counsel regarding the Defendant's collection efforts;

    c.)    Disturbance of the Plaintiff's peace and his right to be free of communications from the Defendant by telephone during inconvenient times;

    d.)    The Plaintiff suffered a violation of his right to privacy.

    e.)    Anxiety and worry caused by concern that Defendant was going to continue making collection calls to the Plaintiff at times that were inconvenient for the Plaintiff;

    f.)    Anxiety and worry caused by concern that Defendant was going to continue making collection calls to the Plaintiff at times that were inconvenient for the Plaintiff.  The anxiety and worry experienced by the Plaintiff was sufficient to negatively affect his demeanor, his ability to engage in daily activities, resulted in sleeplessness, and adversely affected his relationships with others.

## CAUSES OF ACTION

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692 et. seq.**

*Violations of 15 U.SC. § 1692c and subparts*

32.    The communication from the Defendant of January 4, 2022 violated 15 U.S.C. § 1692c(c).

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
## O.C.G.A. § 10-1-390, et seq.

33. Plaintiff incorporates by reference paragraphs 1 through 32 as though fully stated herein.

34. O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

35. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

36. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

37. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

38. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

39. Defendant's conduct has implications for the consuming public in general.

40. Defendant's conduct negatively impacts the consumer marketplace.

41. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

42. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

43. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

44. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

45. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

46. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.)     Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.)     General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.)     Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.)     Such other and further relief as may be just and proper.

Respectfully submitted this 10th day of February, 2022.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
matt@mattberry.com
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*